**FILED**
**May 12, 2023**
**02:28 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Raul Morelos Chavez | )   Docket No.    2020-05-0797 |
| | ) |
| v. | )   State File No.   11082-2020 |
| | ) |
| Jesus Morelos Chavez, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts he is entitled to additional medical and temporary disability benefits. The employee fell at work and sustained a left clavicle fracture. The employer accepted the claim as compensable and provided authorized treatment for his condition, including surgery, physical therapy, and referrals to other specialists for evaluation of complaints of dizziness and back pain. After being placed at maximum medical improvement, the employee sought additional medical treatment on his own and requested that he be given a new authorized physician. Following an expedited hearing, the trial court concluded that the employee failed to identify a legal basis that would justify changing his authorized physician and that, as a result, he did not prove he is likely to prevail at trial on his claim for additional medical benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Raul Morelos Chavez, La Vergne, Tennessee, employee-appellant, pro se

Neil M. McIntire, Nashville, Tennessee, for the employer-appellee, Jesus Morelos Chavez

Raul Chavez ("Employee") was injured after he lost his balance and fell while working for his brother, Jesus Morelos Chavez ("Employer"). He was evaluated at Stonecrest Medical Center that same day and diagnosed with a fractured left clavicle. The claim was accepted as compensable, and Employee saw Dr. William Mayfield, an orthopedic surgeon, who performed surgery to repair his fracture. Dr. Mayfield placed Employee at maximum medical improvement and released him to full duty work on June 25, 2020. Dr. Mayfield assigned a 2% impairment to the body as a whole and noted Employee did not need follow-up care.

While receiving treatment for his clavicle injury, Dr. Mayfield referred Employee to two different specialists: a neurologist for complaints of dizziness and another orthopedist for complaints of back pain. Employee selected Dr. Richard Rubinowicz from an Employer-provided panel of neurologists. On March 2, Dr. Rubinowicz evaluated Employee and provided an assessment of dizziness and mild closed head injury. He noted Employee presented with "posttraumatic dizziness following a head injury that has resolved." Dr. Rubinowicz discussed Employee's symptoms and "ongoing management" noting that, "[n]o additional intervention [is] required at this time."

Employee saw Dr. Christopher Kauffman due to his complaints of cervical, thoracic, and lumbar pain. Dr. Kauffman diagnosed an acute cervical sprain, lumbar sprain, and thoracic sprain. He ordered MRIs and, upon review, noted the studies revealed "no evidence of acute injury and minimal degenerative changes," which Dr. Kauffman determined to be "consistent with a pre-existing condition." Dr. Kauffman placed Employee at maximum medical improvement on June 17 and released him to full duty work.

Thereafter, Employee sought unauthorized medical treatment on his own with certain medical providers who treated him for depression and anxiety, as well as Dr. Darian Reddick, a neurologist. Dr. Reddick diagnosed Employee with chronic low back pain and spasm.

At a February 2, 2023 expedited hearing, Employee testified that he was released from medical care by his providers even though he believed he still needed treatment. Employee stated that he continued to have severe pain that limited his ability to work and caused severe depression. He requested another doctor who could provide treatment for his condition so that he could return to work. Employer responded that Employee was

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

provided medical treatment with three authorized treating physicians and had received all workers' compensation benefits to which he was entitled. In addition, Employer argued that all treating doctors had released Employee from their care. At the conclusion of the hearing, the trial court determined Employee had not identified any legal basis that would justify changing his authorized treating physician and had therefore not established he would likely prevail at trial on his claim for additional medical benefits. Employee has appealed.

On his notice of appeal, Employee states "[b]ecause they do not accept the doctor's medical recommendations and care they provide to me currently because of the discomfort, aches, and limitations that I experience after my accident at work. Yes [sic] the Workers' Comp Director told me to get medical attention on my own and then present it [sic]."[2] Employee did not file a brief or offer any argument addressing his issue on appeal. Moreover, Employee offered no legal explanation of how he believes the trial court erred. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct unless the preponderance of the evidence is otherwise.

The court reviewed Employee's medical records, sworn statements offered into evidence, and considered Employee's hearing testimony. The court noted that Employer furnished authorized medical treatment to Employee and that no proof was offered that Employee's authorized physician ever refused to see Employee or that the physician's treatment was deficient. Moreover, no provider offered an opinion that Employee's condition or current complaints were primarily caused by the work accident. As such, we discern no error by the trial court.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.

---

[2] Employee's Notice of Appeal was submitted in Spanish and translated by the Tennessee Language Center.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Raul Morelos Chavez | ) | Docket No. 2020-05-0797 |
| | ) | |
| v. | ) | State File No. 11082-2020 |
| | ) | |
| Jesus Morelos Chavez, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of May, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Raul Morelos Chavez | | | | X | morelos96patron@gmail.com |
| Frederick Hodge | | | | X | fhodge@howell-fisher.com nmcintire@howell-fisher.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov